Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ELLIOT MCGUCKEN, an individual,

Plaintiff,

v.

DIGITAL BRANDS GROUP, INC. d/b/a "Stateside," a Delaware corporation; and DOES 1-10,

Defendants.

Case No.: 2:26-cv-11472

COMPLAINT FOR:

1. Copyright Infringement
2. Vicarious and/or Contributory Infringement

Jury Trial Demanded

Plaintiff Elliot McGucken ("McGucken"), by and through his undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

5. McGucken alleges on information and belief that Defendant Digital Brands Group, Inc. is a Delaware corporation doing business as "Stateside" ("Stateside"), which owns and operates the Facebook and Instagram profiles, *Stateside* and *@stateside*, respectively. Stateside does business in and with this district, including through its office at 4700 South Boyle Avenue, Los Angeles, California 90058.

6. McGucken alleges on information and belief that Defendants DOES 1 through 10, inclusive (collectively with Stateside, "Defendants"), are other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement of McGucken's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual, or otherwise, are presently unknown to McGucken, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this

Complaint to show their true names and capacities when same have been ascertained.

7. McGucken alleges on information and belief that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and were at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages to McGucken proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS

8. McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in The Smithsonian Magazine, The National Parks Magazine, and other fine arts publications. He has authored numerous books and won over 100 photographic awards.

9. McGucken created and owns the original photograph depicted below (the "Subject Photograph"):

//

//

//

//

//

//

//

//

//

**SUBJECT PHOTOGRAPH**



10. McGucken is the sole and exclusive owner of all copyrights in and to the Subject Photograph.

11. Prior to the acts complained of herein, McGucken registered the Subject Photograph with the United States Copyright Office.

12. Prior to the acts complained of herein, McGucken widely published, publicly displayed, and disseminated the Subject Photograph, including without limitation on his website *www.emcgucken.com*, as well as through his online profiles, social media accounts, press coverage, and physical exhibitions. In each such publication, the Subject Photograph was properly credited to McGucken.

13. McGucken routinely published the Subject Photograph with copyright management information identifying and crediting McGucken as its author and owner.

14. McGucken alleges on information and belief that Defendants, and each of them, willfully copied, reproduced, publicly displayed, and distributed the Subject Photograph for commercial benefit without authorization, including by reproducing and displaying the Subject Photograph on the Facebook and Instagram profiles, *Stateside* and *@stateside*, respectively, which Stateside owns, operates, controls, and/or maintains ("Infringing Uses"). True and correct screen captures of the Infringing Uses, together with the corresponding URLs, are depicted below:

**<u>INFRINGING USES</u>**

URL: https://www.instagram.com/p/C1XwyTLuNUr/?img_index=1



URL: https://www.facebook.com/photo/?fbid=900709848601245&set=pcb.900709871934576




URL: https://www.facebook.com/statesideproject/posts/pfbid02oPjT1MpDGB1yWsDvgTU1sJ61YDst3h3NvhL3vjLgdCLwJp3UqsTRNc5jLYnx9yv5l



15. The above exemplars are not meant to encompass all Infringing Uses; the claims made herein are to any image displayed, published, licensed, distributed, and/or sold by Defendants that incorporates without permission, in whole or in part, the Subject Photograph.

16. On November 7, 2024, McGucken, through his attorneys, sent Stateside a demand to cease and desist all publication and display of the Subject Photograph and the Infringing Uses. Defendants failed to meaningfully respond, necessitating this action.

17. McGucken has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photograph.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement - Against All Defendants, and Each)**

18. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

19. McGucken alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph through one or more sources, including, without limitation, McGucken's website, social media accounts, online profiles, and other online features; online publications and press coverage featuring McGucken's work; books and other print publications; third-party websites; and other publicly available online sources. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Uses.

20. McGucken alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph, including on Stateside's Facebook and Instagram profiles, as depicted above.

21. On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photograph and publishing and distributing the same to the public.

22. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

24. McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **SECOND CLAIM FOR RELIEF**

### **(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)**

25. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. McGucken alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted, and profited from the illegal

reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, reproducing, publishing, displaying, and/or distributing photograph obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

27. McGucken alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Uses, and were able to supervise the distribution, broadcast, and publication of the Infringing Uses.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photographs, in an amount to be established at trial.

30. McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

**a.** That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from their respective websites, marketing and advertisement materials, and to cease distributing prints bearing unauthorized copies of the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act 17 U.S.C. §§ 505, 1203, *et seq.*;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 2, 2026

By: */s/ Scott Alan Burroughs*

Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff